UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE YARGEAU,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 14-cv-14165

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS** (document no. 26),
**ADOPTING REPORT AND RECOMMENDATION** (document no. 25),
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** (document no. 14),
**AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** (document no. 18)

The Commissioner of the Social Security Administration ("SSA") denied the application of Natalie Yargeau ("Yargeau") for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). Administrative Record ("A.R.") 19, ECF No. 13-2. After the SSA Appeals Council declined to review the ruling, Yargeau appealed. The Court referred the matter to Magistrate Judge R. Steven Whalen and the parties filed cross-motions for summary judgment. Mot. Summ. J., ECF Nos. 14, 18. The magistrate judge issued a Report and Recommendation ("Report") advising the Court to deny Yargeau's motion and grant the Commissioner's motion. Report, ECF No. 25. Yargeau filed timely objections to the Report. Obj., ECF No. 26. After examining the record and considering Yargeau's objections de novo, the Court concludes that her arguments do not have merit. Accordingly, the Court will adopt the Report's findings, deny Yargeau's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the complaint.

**BACKGROUND**

The Report properly details the events giving rise to Yargeau's action against the Commissioner. Report 2–11, ECF No. 25. The Court will adopt that portion of the Report.

**STANDARD OF REVIEW**

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(3). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole

2

show that he implicitly resolved such conflicts." *Id.*

## DISCUSSION

Yargeau's objections flow from the argument that the Report improperly relied on the ALJ's analysis, which Yargeau faults for incorrectly according "minimal weight" to the opinion of Dr. Allan Clague, a neurologist who assessed Yargeau once in March 2013 and opined that Yargeau was "totally and permanently medically disabled." Obj. 1–3, ECF No. 26; A.R. 31–32, ECF No. 13-2; A.R. 1325, ECF No. 13-11. An ALJ must give "good reasons" for the weight accorded to a treating source. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). An ALJ may reject all or a portion of a treating physician's opinion that is inconsistent with substantial evidence indicating otherwise. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004). If a source is not given controlling weight, an ALJ must determine what weight to give it in light of the length, frequency of examination, nature, and extent of the treatment relationship; supportability of the opinion and its consistency with the record as a whole; and the specialization of the treating source. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

First, Yargeau argues that the ALJ improperly found that Dr. Clague's "opinion is inconsistent with claimant's activities of daily living." Obj. 2, ECF No. 26. The Court disagrees. Despite her impairments, Yargeau "admitted [to] activities of daily living including light housework; preparing meals; going shopping; taking care of her parents; taking care of her pets; driving; and socializing daily." A.R. 30, ECF No. 13-2. She also admitted to reading and dancing. *Id.* When considering the claimant's complaints, "an ALJ may properly consider the credibility of the claimant. Furthermore, an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since

3

an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (internal citations omitted). Here, the ALJ juxtaposed Yargeau's subjective complaints with her admitted daily activities and found that the admissions diminished the credibility of her allegations. A.R. 30–32, ECF No. 13-2. Because Dr. Clague "apparently relied quite heavily on the subjective report of symptoms and limitations provided by [Yargeau] and seemed to uncritically accept as true most, if not all, of what [Yargeau] reported," the ALJ accorded Dr. Clague's opinion minimal weight. *Id.* at 32. The Court gives deference to the ALJ's findings and concludes that they are proper.

Second, Yargeau asserts that the ALJ improperly discredited Dr. Clauge's opinion because Yargeau's representative arranged for Dr. Clague's examination. Obj. 2–3, ECF No. 26. She argues that Dr. Clague's opinion is "well supported and consistent with the record," and as a treating physician, his opinion should have been given controlling weight in the ALJ's determination. *Id.* at 3. *Lashen v. Sec'y of Health & Human Servs.* would apply if the ALJ accorded Dr. Clague's opinion minimal weight "merely because the doctor ha[d] seen the claimant only once, and the claimant's attorney made the referral." 7 F.3d 233 (6th Cir. 1993) (Table); *see also Blankenship v. Bowen*, 874 F.2d 1116, 1122 n.8 (6th Cir. 1989). But the ALJ cited several additional reasons for according minimal weight to Dr. Clague's opinion: (1) Dr. Clague's strong reliance on, and uncritical acceptance of, Yargeau's subjective complaints; (2) the possibility that Dr. Clague "was referring solely to an inability to perform [Yargeau's] past work" when he opined that Yargeau is "disabled"; (3) the inconsistency of Dr. Clague's opinion with Yargeau's admitted activities of daily living; and (4) the brief nature of the Dr. Clague's treating relationship with Yargeau. A.R.

32, ECF No. 13-2. Accordingly, the Court finds that the ALJ's findings were supported by substantial evidence, and will overrule Yargeau's objection.

Finally, Yargeau claims that the magistrate judge wrongly described Yargeau's earlier argument as stating "that the ALJ rejected Dr. Clague's opinion on the sole basis that Dr. Clague was hired by Plaintiff's counsel to examine Plaintiff." *Id.* at 1. Because the Court is reviewing the instant matter de novo and finds that the ALJ's determination was supported by substantial evidence in the record, Yargeau's objection is irrelevant.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Yargeau's objections. The Court finds Yargeau's objections unconvincing, and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Yargeau's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's Report and Recommendation (document no. 25) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (document no. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (document no. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

        s/Stephen J. Murphy, III  
        STEPHEN J. MURPHY, III  
        United States District Judge

Dated: January 7, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 7, 2016, by electronic and/or ordinary mail.

                                          s/Carol Cohron
                                          Case Manager